UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ZHIZHI WANG,
Petitioner,

v.

WARDEN, Imperial Regional Detention Facility, et al.,
Respondents.

Case No.: 3:26-cv-04638-RBM-SBC

**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

**[Docs. 1, 2]**

Pending before the Court is Petitioner ZhiZhi Wang's ("Petitioner") Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) For the reasons below, the Court **DENIES without prejudice** the Petition.

## I. BACKGROUND

Petitioner, a citizen of China, entered the United States without inspection on April 28, 2026. (Doc. 8-1 at 3.) Petitioner was taken into Department of Homeland Security custody and held as a material witness. (*Id.*) "Following proceedings, [Petitioner] was ordered released and taken into ICE ERO custody," where she was charged as inadmissible under Immigration and Nationality Act § 212(a)(7)(A)(i). (*Id.*) Petitioner was "interviewed by an asylum officer and received a positive fear determination." (Doc. 8 at 2.) She has an immigration hearing set for September 17, 2026. (*Id.*) She sought custody redetermination, but the immigration judge denied bond "pursuant to *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019)." (Doc. 8-1 at 12.)

Petitioner filed her Petition (Doc. 1) and Motion for Temporary Restraining Order ("TRO Motion") (Doc. 2) on August 13, 2026. The Court set a briefing schedule that same day. (Doc. 3.) On August 25, 2026, Respondents filed their Return to Petition for Writ of Habeas Corpus ("Response"). (Doc. 8.) Petitioner was authorized to file a reply on or before August 31, 2026, but did not file one.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

It appears undisputed that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). (*See* Doc. 1 ¶ 39; Doc. 8 at 1–2.) Accordingly, the issue before the Court is whether, under the circumstances of this case, applying the mandatory detention provisions of § 1225(b) violates Petitioner's due process rights. Petitioner argues that her detention has become prolonged in violation of the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 41–43, 50–62.) Respondents argue that Petitioner's "detention is mandated by 8 U.S.C. § 1225(b)(1)(B)(ii) until the conclusion of her removal proceedings," and that "even if the Court infers a constitutional right against prolonged mandatory detention, Petitioner's claim still fails." (Doc. 4 at 1–2, 8–10.)[1]

---

[1] Respondents also argue that the Court lacks jurisdiction to hear the Petition under 8 U.S.C. § 1252(g). (Doc. 8 at 3–4.) The Court has consistently rejected this argument,

The Court finds that an unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process, but that Petitioner's detention has not yet become unreasonably prolonged.

**A. Due Process**

Respondents argue that "inadmissible arriving noncitizens seeking initial entry into the United States . . . have no due process rights 'other than those afforded by statute.'" (Doc. 8 at 6–7 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020)).) The Court recently explained its rationale for rejecting Respondents' argument. *See Xie v. LaRose*, Case No.: 3:26-cv-01116-RBM-MMP, 2026 WL 836351, at *2–3 (S.D. Cal. Mar. 26, 2026). The Court incorporates its reasoning in *Xie,* makes the same findings here, and "joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process." *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020).

**B. Prolonged Detention**

The Court applies a six-factor balancing test to analyze whether detention under § 1225(b) has become unreasonably prolonged. *See id.* at 773. Under this test, the Court considers:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

---

*see Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1161–62 (S.D. Cal. 2025), and does so again here for the same reasons. Petitioner is challenging her detention under the Fifth Amendment's Due Process Clause. She is thus enforcing her "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (emphasis in original).

*Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025).

As to the first factor, which has been described as "the most important," *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019), Petitioner has been detained for about four months. (*See* Doc. 1 ¶ 22 ("Petitioner has remained in ICE custody since approximately May 22, 2026.").) Respondents argue that "[t]his relatively short duration does not justify habeas relief." (Doc. 8 at 8 (citations omitted).) As another court in this District has noted, "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable." *Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases); *see also Akhtar v. Larose*, Case No.: 3:26-cv-00982-RBM-MMP, 2026 WL 905086, at *2 (S.D. Cal. Apr. 2, 2026) (six-and-a-half-month detention weighed in favor of finding it was unreasonably prolonged). Accordingly, this factor weighs against Petitioner.

The fourth, fifth, and sixth factors are neutral. Nothing in the record suggests that either Party has caused delays in the removal proceedings, and Petitioner has not yet had her claims for relief adjudicated by an immigration judge. Furthermore, it would be premature to consider the second factor, the likely duration of future detention, because Petitioner has not yet appeared for her first immigration hearing. (*See* Doc. 8 at 2.) As to the third factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted). Courts in this District "have recognized that the conditions in local detention centers are indistinguishable from penal confinement." *Popov v. Warden*, Case No.: 26-cv-1174-JES-BLM, 2026 WL 936952, at *4 (S.D. Cal. Apr. 7, 2026) (discussing a petitioner detained at Imperial Regional Detention Facility). This factor thus weighs in Petitioner's favor.

Only one of the six factors weighs in Petitioner's favor, but the "most important" factor weighs against her and the record reveals nothing about the remaining factors. Therefore, the Court finds that Petitioner's detention under § 1225(b) has not yet become unreasonably prolonged such that she must be provided with a bond hearing.

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **DENIED without prejudice**. The TRO Motion (Doc. 2) is also **DENIED as moot**. Petitioner may file an Amended Petition if she remains in immigration custody beyond **November 6, 2026**.

**IT IS SO ORDERED.**

DATE: September 1, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE